**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

No. 04-4908

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARQUETTE DAMON EANES,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
District Judge.  (CR-04-84)

───────────

Submitted:  February 25, 2005        Decided:  March 31, 2005

───────────

Before WILLIAMS, MOTZ, and GREGORY, Circuit Judges.

───────────

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

───────────

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, George H. Lancaster, Jr., Assistant Federal
Public Defender, Charleston, West Virginia, for Appellant.  Kasey
Warner, United States Attorney, L. Anna Crawford, Assistant United
States Attorney, Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Marquette Damon Eanes pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Eanes under the federal sentencing guidelines to eighty-four months in prison. This sentence included an enhancement for possessing the firearm in connection with another felony under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2002), based on the court's conclusion at sentencing that while Eanes possessed the firearm he possessed crack cocaine for distribution purposes.

Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), Eanes argues that his sentence is unconstitutional because it was based on facts that were neither charged in the indictment nor proven beyond a reasonable doubt. He made the same argument in the district court and was overruled based in part upon this court's ruling in United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004), cert. granted and judgment vacated, 2005 WL 124093 (U.S. Jan. 24, 2005) (No. 04-193). After Eanes's sentencing, the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005), and held that the federal sentencing guidelines scheme, under which courts were required to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence, violated the Sixth Amendment because of its mandatory nature. Id. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the

- 2 -

constitutional violation by making the guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J., opinion of the court); id. at 756-57 (Breyer, J., opinion of the Court).

In light of Booker, we find that the district court erred in sentencing Eanes. Although Eanes also challenged the district court's finding that the circumstances of his arrest, including the amount of drugs found, does not support application of the USSG § 2K2.1(b)(5) enhancement, we conclude that it is not necessary to resolve that issue prior to remand. See United States v. Hughes, 2005 WL 628224 *17 n.15 (4th Cir. 2005) ("we do not hold that in every case involving a Booker issue, this court must first address alleged calculation errors before vacating and remanding for resentencing in light of Booker."), petition for rehearing filed Mar. 28, 2005. Therefore, although we affirm Eanes's conviction, we vacate his sentence and remand for proceedings consistent with Booker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

- 3 -